IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELVIN PEACOCK, #187315, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-1019-ECM |
| | ) |
| WEXFORD HEALTH CARE, et al., | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action challenging the adequacy of medical treatment provided to him at the Bullock Correctional Facility. Plaintiff sought issuance of a preliminary injunction with respect to the claims presented in this action. However, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk at Bullock regarding the average monthly deposits and average monthly balance in his inmate account for the six month period prior to filing this case. Thus, the pleadings filed by Plaintiff failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of fees in this cause of action.

Based on the foregoing, the court entered an order requiring Plaintiff to "file either the appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by a prison account statement from the account clerk at Bullock showing the

average monthly balance in plaintiff's prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months *or*, if he does not seek *in forma pauperis* treatment, the $400 filing/administrative fees.  The plaintiff is advised that it is **his responsibility** to obtain his inmate account information from the account clerk at Bullock." Doc. 4 at 1–2 (emphasis in original).  The order also specifically cautioned Plaintiff "that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed."  Doc. 4 at 2.  The time for Plaintiff to file a response to this order expired on January 10, 2019.

 As of the present date, Plaintiff has failed to file the required financial information.  Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple

reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

In addition, under the circumstances of this case, the court finds that Plaintiff's motion for preliminary injunction should be denied, as the court previously determined that failed to meet the requirements for the issuance of preliminary injunctive relief. *See* Doc. 3 at 2–3.[1]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction be DENIED.

2. This case be DISMISSED without prejudice for Plaintiff's failure to file necessary financial information as ordered by this court.

On or before **April 16, 2019**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right

---

[1]This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998). These prerequisites as the same as those required for issuance of temporary restraining order. S*ee Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 2nd day of April, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge